**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Raymond P. Moore**

Civil Action No. 13-cv-01258-RM

BILLIE DON WILLIAMS,

    Applicant,

v.

STEVEN HARTLEY, Warden, Arkansas Valley Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

_____

**ORDER TO DISMISS IN PART AND FOR ANSWER**
_____

    Applicant, Billie Don Williams, is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado. Mr. Williams, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [ECF No. 1]. Mr. Williams challenges the validity of his conviction and the sentences imposed in the District Court of Arapahoe County, Colorado. He has paid the $5.00 filing fee.

    On May 29, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). [Doc. #6]. Respondents submitted a Pre-Answer Response on July 16, 2013 after being granted an extension of time. [Doc. #12].

The Court construes Mr. Williams' filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application, in part.

**I. Background and State Court Proceedings**

In 2001, Mr. Williams was convicted by a jury in Arapahoe County District Court Case No. 00CR1449 of three counts of sexual assault on a child—pattern of abuse, three counts of sexual assault on child by one in a position of trust, and two counts of second degree sexual assault. [Doc. #12-2 at 2]. The state court sentenced Mr. Williams to a total of ninety years using a combination of consecutive and concurrent sentences. [Doc. #12-1 at 22]. On direct appeal, the Colorado Court of Appeals reversed one of the pattern-of-abuse counts, reducing it from a class three felony to a class four felony. *People v. Williams*, No. 02CA0365 (Colo. App. Oct. 14, 2004) (unpublished). [Doc. #12-2 at 7]. The appellate court also concluded that sentencing errors had occurred, and remanded for resentencing. [Id. at 10-11]. At the resentencing hearing, Mr. Williams received a prison term of seventy-six years based on consecutive sentences. [Doc. #12-3 at 4]. Mr. Williams subsequently appealed the imposition of consecutive sentences, and on March 5, 2009, the Colorado Court of Appeals affirmed the sentence. *People v.Williams*, No. 06CA0988 (Colo. App. Mar. 5, 2009) (unpublished). [Doc. #12-3 at 2]. Mr. Williams petitioned the state court for a reduction of sentence, which was apparently denied. [Doc. #12-1 at 12; Doc. #12-4 at 2]. The Colorado Supreme Court denied his petition for writ of certiorari on July 6, 2009. [Doc. #12-11].

In 2010, Mr. Williams then filed a state post-conviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which was denied by the state court. [Doc. #12-4 at 2-3]. The Colorado Court of Appeals affirmed in *People v.Williams*, No. 10CA2339 (Colo. App. July 5, 2012) (unpublished). [Doc. # 12-4 at 10]. On December 20, 2012, Applicant's petition for certiorari review was denied by the Colorado Supreme Court. [Doc. #12-16].

Mr. Williams filed his federal § 2254 application on May 13, 2013, raising four claims: (1) the trial court erred in concluding that the prosecution committed no discovery violation in regard to a child hearsay statement; (2) the trial court erred in failing to instruct the jury, with respect to any of the "pattern of sexual abuse" counts, that the acts constituting the "pattern" must have been committed prior to the offense charged; (3) the evidence was insufficient to support the convictions for counts 4, 5, and 6; and (4) defense counsel was ineffective for failing (a) to conduct an adequate pre-trial investigation, (b) to present an alibi defense, (c) to advance a reasonable doubt defense, (d) to cross-examine the prosecution's witness, Joan Smith, regarding child hearsay statements and never followed-up with Joan Smith to call her as a witness, and (e) to question prospective jurors during voir dire regarding matters of racial prejudice or request challenges for cause. [Doc. #1 at 5-6].

Respondents concede that the Application was filed within the one-year limitation period in 28 U.S.C. § 2244(d), and that Mr. Williams has exhausted state court remedies for claims one and four under 28 U.S.C. § 2254(b)(1)(A). [Doc. #12 at 10, 13, 17]. Respondents argue in their pre-answer response, however, that claim two was not exhausted in the state courts and is now procedurally defaulted. Respondents further contend that claim three presents a state law issue

that is not cognizable on federal habeas review. Therefore, the Court will address both Respondents' arguments regarding claims two and three below.

## II. Exhaustion and Procedural Default

### A. Legal Standards

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Moreover, if a habeas applicant "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Harris v. Reed*, 489 U.S. 255, 269-70 (1989)); *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.") (citation omitted). A claim is precluded from federal habeas review if the claim has been defaulted in state court on an independent and adequate state procedural ground, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).

Application of this procedural-default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. An applicant's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994). To demonstrate cause for the procedural default, the applicant must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing

that the factual or legal basis for a claim was not reasonably available to [applicant]." *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If an applicant can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, the applicant first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* He then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

  **B.**  **Claim Two**

  In claim two, Mr. Williams asserts that the failure of the trial court to instruct the jury on the time element of the pattern convictions requires a reversal because there is no guarantee of jury unanimity on the question of which offenses were predicates for the others. [Doc. #1 at 27-28]. Respondents argue that claim two is not exhausted because Mr. Williams did not fairly present the claim to the state court as a federal constitutional question. [Doc. #12 at 13-15]. Respondents further conclude that the claim is barred by anticipatory procedural default based on independent and adequate state procedural rules. [Id. at 15].

Upon review of Mr. Williams' briefs in connection with his direct appeal, the Court finds that Mr. Williams did not satisfy the fair presentation requirement for claim two. [*See* Doc. #12-5 at 21-22; #12-6 at 17-18]. Mr. Williams failed to present claim two (the lack of jury unanimity as to the time element for the "pattern" convictions) as a free-standing constitutional claim. He did not connect this issue to any claim under federal law, cited neither the U.S. Constitution nor any federal authority, and did not label the claim as a "federal" claim when asserting his argument in state court. [Id.]. Instead, Applicant relied solely on state law to support his claim. [Id.]. In order to allow the state courts the opportunity to act on or correct an alleged constitutional violation, Mr. Williams must provide a legal theory explaining how the decisions of the state court violated the particular federal constitutional rights he claims were violated. *See e.g., Anderson,* 459 U.S. at 7 (claim on direct appeal that jury instruction was reversible error did not fairly present due process challenge to instruction for habeas exhaustion purposes). As such, the substance of a federal habeas corpus claim was never presented to, or considered by, the state court. *See Duncan*, 513 U.S. at 366; *Picard,* 404 U.S. at 276-77; *Anderson,* 459 U.S. at 7. Accordingly, the Court finds that Mr. Williams failed to exhaust state court remedies for his second claim.

Moreover, with limited exceptions that are not applicable here, any attempt to present the claim at this time in a state postconviction proceeding would be rejected under the Colorado Rules of Criminal Procedure. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding

previously brought"). Therefore, claim two is procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139 n.7. In addition, Applicant has not made the necessary showing of cause and actual prejudice for his procedural default. Mr. Williams also fails to demonstrate that a failure to consider claim two will result in a fundamental miscarriage of justice because he fails to present any new reliable evidence that demonstrates actual innocence to excuse his procedural default. Accordingly, claim two is denied as procedurally barred from federal habeas.

**III. Issue of State Law for Claim Three**

Mr. Williams asserts in claim three that there was insufficient evidence to support his conviction for sexual assault on a child by one in a position of trust under C.R.S. § 18-3-405.3(1) and (2) because that statute only applies to offenses committed on or after July 1, 1998. [Doc. #1 at 29]. Respondents argue that claim three raises an issue of state law that is not cognizable on federal habeas review.

A federal habeas court is limited to deciding whether a conviction "violat[ed] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See Swarthout v. Cooke*, \_\_ U.S. \_\_, 131 S.Ct. 859, 861 (2011) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law,'" quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) (other internal quotations and citation omitted). Moreover, in federal habeas proceedings, federal district courts are bound by the state's interpretation of state law. *Missouri v. Hunter.* 459 U.S. 359, 368 (1983).

Applicant presented claim three as an issue of state law in both his federal application and in the state post-conviction proceedings. [*See* Doc. #1 at 28-29; #12-5 at 22-24]. Moreover,

the Colorado Court of Appeals found that Mr. Williams was not convicted under the revised statute and thus rejected his related argument that there was insufficient evidence to support those convictions. [Doc. #12-2 at 7-9]. Because the state court determined under state law that Applicant's sufficiency of the evidence argument was irrelevant given that the statute was not applied to Mr. Williams' conviction, claim three fails to present a federal issue, and is not cognizable in habeas corpus. Accordingly, claim three will be dismissed.

## VI. Orders

For the reasons discussed above, it is

ORDERED that claim two of the § 2254 Application is DISMISSED as procedurally barred. Claim three is DISMISSED on the ground that it fails to raise a federal issue cognizable on federal habeas review. It is

FURTHER ORDERED that within thirty (30) days, Respondent(s) shall file an Answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted claims one and four of the Application. It is

FURTHER ORDERED that within thirty (30) days of the filing of the answer Applicant may file a reply, if he desires.

DATED at Denver, Colorado, this 8th day of October, 2013.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge