**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 13-cv-01258-RM

BILLIE DON WILLIAMS,

      Applicant,

v.

STEVEN HARTLEY, Warden, Arkansas Valley Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER DENYING 28 U.S.C. § 2254 APPLICATION

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), filed *pro se* by Applicant Billie Don Williams, on May 13, 2013. He has paid the $5.00 filing fee (ECF No. 5). Respondents submitted a Pre-Answer (ECF No. 12) and Answer (ECF No. 22), and Applicant filed a Reply (ECF No. 26). After reviewing the record, including the Application, the Pre-Answer and Answer, the Reply, and the state court record, the Court concludes that the Application should be denied.

## I. BACKGROUND

On November 5, 2001, Applicant was convicted by a jury of three counts of sexual assault on a child—pattern of abuse, three counts of sexual assault on a child by one in a position of trust, and two counts of second degree sexual assault in Arapahoe County District Court Case No. 00CR1449. (ECF No. 12-2 at 2.) Applicant received three consecutive thirty-year sentences

for a total of ninety years imprisonment with the Colorado Department of Corrections.  (ECF No. 12-1 at 22.)

On direct appeal, the Colorado Court of Appeals reversed one of the pattern-of-abuse counts, reducing it from a class three felony to a class four felony.  (ECF No. 12-2 at 7.)  The appellate court also vacated Applicant's sentence and remanded for resentencing.  (*Id.* at 10-11.)  On remand, Applicant was sentenced to a prison term of seventy-six years, and on March 5, 2009, the Colorado Court of Appeals affirmed the sentence.  (ECF No. 12-3 at 4, 7.)  On July 6, 2009, the Colorado Supreme Court denied his petition for writ of certiorari.  (ECF No. 12-11.)  Applicant petitioned the state court for a reduction of sentence, which was apparently denied on January 22, 2010.  (ECF No. 12-1 at 12; ECF No. 12-4 at 2.)

On May 7, 2010, Applicant filed a post-conviction motion pursuant to Colo. R. Crim. P. 35(c).  (ECF No. 12-1 at 12).  The state district court denied the motion, which was affirmed on appeal.  (ECF No. 12-4 at 2, 10.)  On December 20, 2012, the Colorado Supreme Court denied Applicant's petition for certiorari review.  (ECF No. 12-16.)

On May 13, 2013, Applicant initiated this action asserting the following four claims for relief:

> (1) the trial court erred in concluding that the prosecution committed no discovery violation in regard to a child hearsay statement;
>
> (2) the trial court erred in failing to instruct the jury, with respect to any of the "pattern of sexual abuse" counts, that the acts constituting the "pattern" must have been committed prior to the offense charged;

(3) the evidence was insufficient to support the convictions for counts 4, 5, and 6;

(4) defense counsel was ineffective for failing (a) to conduct an adequate pre-trial investigation, (b) to present an alibi defense, (c) to advance a reasonable doubt defense, (d) to cross-examine the prosecution's witness, J.S., regarding child hearsay statements and never followed-up with J.S. to call her as a witness, and (e) to question prospective jurors during voir dire regarding matters of racial prejudice or request challenges for cause.

(ECF No. 1 at 5-6.)

In the Pre-Answer Response, Respondents conceded that the Application was timely under 28 U.S.C. § 2244(d), and that Applicant had exhausted state court remedies for claims one and four under 28 U.S.C. § 2254(b)(1)(A).  (ECF No. 12 at 10, 13, 17.)  Respondents, however, argued that claim two was not exhausted in the state courts and was procedurally defaulted, and that claim three did not present a federal question cognizable on federal habeas corpus review. (ECF No. 12 at 13-17.)  In a previous order, the Court agreed and found that claim two was procedurally defaulted and that claim three failed to invoke this Court's federal habeas jurisdiction.  (ECF No. 17 at 6-9.)  The Court dismissed claims two and three.  (*Id.*). Accordingly, the Court addresses the merits of claims one and four below.

## II.  LEGAL STANDARDS

### A.  PRO SE LITIGANT

Applicant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a pro se litigant's "conclusory

allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). An applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.  28 U.S.C. § 2254

A writ of habeas corpus under § 2254 can be granted only if the state court adjudication of the applicant's claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Applicant bears the burden of proof under § 2254(d). *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

A claim may be adjudicated on the merits in state court even in the absence of a statement of reasons by the state court for rejecting the claim. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 784-85. In other words, the Court "owe[s] deference to the state court's *result*, even if its

4

reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).

Therefore, the Court "must uphold the state court's summary decision unless [the Court's]

independent review of the record and pertinent federal law persuades [the Court] that its result

contravenes or unreasonably applies clearly established federal law, or is based on an

unreasonable determination of the facts in light of the evidence presented." *Id*. at 1178.  "[T]his

'independent review' should be distinguished from a full de novo review of the petitioner's

claims." *Id*.

This *Richter* presumption also is applicable when a state-court opinion addresses some

but not all of those claims. *Johnson v. Williams*, 133 S. Ct. 1088, 1094-98 (2013).  For purposes

of § 2254(d), when a state court rules against a defendant in an opinion that rejects some of the

defendant's claims but does not expressly address a federal claim, a federal habeas court must

presume, subject to rebuttal, that the federal claim was adjudicated on the merits.  *Id.* at 1094-96.

Federal habeas courts should not assume that any unaddressed federal claim simply was

overlooked because a state court does not uniformly discuss separately every claim referenced

by a defendant.  *Id.*

The court reviews claims of legal error and mixed questions of law and fact pursuant to

28 U.S.C. § 2254(d)(1).  *See Cook v. McKune,* 323 F.3d 825, 830 (10th Cir. 2003).  The

threshold question is whether Applicant seeks to apply a rule of law that was clearly established

by the Supreme Court at the time his conviction became final.  *Williams v. Taylor,* 529 U.S. 362,

390, 412 (2000).  Clearly established federal law "refers to the holdings, as opposed to the dicta,

of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at

5

412.  Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*.  Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).  If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1).  *See id*. at 1018.

If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent."  *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405).  "The word ' contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'"  *Williams*, 529 U.S. at 405 (citation omitted).

> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts.  *Id.* at 407-08.  Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refused to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House,* 527 F.3d at 1018.

The court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. In addition,

> evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Richter*, 131 S. Ct. at 786 (citation and internal quotation marks omitted). In conducting this analysis, the Court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also Richter*, 131 S. Ct.

at 786 (stating that "even a strong case for relief does not mean the state court's contrary

conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a
> state prisoner must show that the state court's ruling on the claim
> being presented in federal court was so lacking in justification that
> there was an error well understood and comprehended in existing
> law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. 786-87.

The court reviews claims of factual error pursuant to 28 U.S.C. § 2254(d)(2).  *See*

*Romano v. Gibson,* 278 F.3d 1145, 11154 n.4 (10th Cir. 2002).  A court may grant a writ of

habeas corpus only if the state court decision was based on an unreasonable determination of the

facts in light of the evidence presented.  28 U.S.C. § 2254(d)(2).  Pursuant to § 2254(e)(1), the

court must presume that the state court's factual determinations are correct and the applicant

bears the burden of rebutting the presumption by clear and convincing evidence.  "The standard

is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude

relief.'"  *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S.

322, 340 (2003)).

If a claim was not adjudicated on the merits in state court, and if the claim also is not

procedurally barred, the Court must review the claim *de novo* and the deferential standards of §

2254(d) do not apply.  *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

## III.  MERITS OF THE CLAIMS

### A.  CLAIM ONE

Applicant asserts that he was denied a fair trial because the trial court erroneously

concluded that the prosecution's failure to disclose to the defense an oral statement that a witness made to the prosecutor did not violate Colo. Crim. P. Rule 16 and the federal Constitution.  (ECF No. 1 at 22-27.)

To the extent Applicant argues that the violation of Colo. Crim. P. Rule 16 justifies habeas corpus relief, his contention is without merit because this Court is without jurisdiction to review issues of state law on federal habeas corpus review.  The federal courts may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).  Failure to disclose discovery materials in violation of a state procedural rule is an error of state law that does not implicate the federal Constitution.  *See Bahadori v. Milyard,* No. 08-cv-00539-WYD, 2010 WL 3002028, at *13 (D. Colo. July 29, 2010); *see also Hicks v. Collins,* 384 F.3d 204, 220 (6th Cir. 2004) (alleged violation of Ohio Criminal Rule 16 was not cognizable on habeas review). Therefore, the Court may not review whether the prosecution violated Colo. Crim. P. Rule 16 by its failure to disclose.

However, to the extent Applicant argues that he was denied a fair trial as a result of the prosecutor's failure to disclose evidence that was material, favorable to the defense, and prejudiced Applicant, the Court may consider this due process argument.  *See Brady v. Maryland,* 373 U.S. 83 (1963); *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999).  In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  373 U.S. at 87.

Exculpatory evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley,* 473 U.S. 667, 682.   Accordingly, a *Brady* violation has three essential elements: "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued. *Strickler,* 527 U.S. at 281-82.   Thus, the prosecution's failure to disclose a statement which tends to inculpate an applicant and is not facially exculpatory or impeaching does not violate *Brady.   See e.g., Matthews v. Sheets,* No. 08-cv-742, 2010 WL 537002, at \*20 (S.D. Ohio Feb. 11, 2010); *see also Doan v. Carter,* 548 F.3d 449, 463 (6th Cir. 2008) (undisclosed evidence was not material because it "was just as inculpatory as exculpatory"); *Rodriguez v. Peters,* 63 F.3d 546, 555 n.1 (7th Cir. 1995) (undisclosed evidence was not material because it was not favorable to defendant).

The following summary of facts, taken from the state court record, is relevant to this claim.   At trial, Applicant's son, D.W. testified about his knowledge of the sexual assaults. According to the Applicant, that testimony essentially constituted a denial of witnessing a sexual assault.   During the prosecution's re-direct examination of D.W. the following exchange occurred:

> [PROSECUTOR]:  Do you remember if your dad said anything to you [the day he was arrested]?
>
> [WITNESS]: No.

10

[PROSECUTOR]: You don't remember he said I don't want to see you again?

[WITNESS]: No.

(State Court R., 10/31/01 Trial Tr. at 851.)[1]  At the next recess, defense counsel objected that the prosecution had committed a Rule 16 discovery violation because this statement had not been disclosed to the defense and it tended to show that Applicant blamed his son for his arrest.  (*Id.* at 890-91.)  The prosecutor responded that he had learned of this statement from J.S., the witness's mother, and that J.S. had stated that everything she told the prosecutor, she already had told to defense counsel.  (*Id.* at 892-93.)  The trial court ruled that "there is a good faith belief upon the part of the People that that had already been disclosed to the defense.  The Court finds that there is no discovery violation in relation to that statement." (*Id.* at 897-98.)  The trial court also offered defense counsel the opportunity to interview J.S. and call her as a witness.  (*Id.)* The following day, defense counsel called J.S. but did not raise the issue of the alleged statement during her examination.  (State Court R., 11/1/01 Trial Tr. at 1063-1071, 1089-1093.)

In his direct appeal, Applicant argued that the prosecution committed a discovery violation by failing to disclose the alleged oral statement by D.W. that J.S. made to the prosecutor.  (ECF No. 12-5 at 15-21.)  The Colorado Court of Appeals disagreed finding that:

> The resolution of discovery issues is generally committed to the sound discretion of the trial court, and its determination will not be overturned on review absent an abuse of discretion or infringement of the constitutional rights of the accused.  People v. Denton, 91 P.3d 388 (Colo. App. 2003).

---

[1]The Court will cite to the electronic transcript of the trial proceedings using the page numbers in the pdf. document with bookmarks for each day's proceedings.

11

The prosecutor has a constitutional duty to disclose exculpatory evidence to the defense. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This includes impeachment evidence, which is "evidence favorable to an accused" so that, if disclosed and used effectively, it may make a difference between conviction and acquittal. United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481(1985).

Crim. P. 16(I)(a)(1)(I), also requires the prosecutor to disclose "[p]olice, arrest and crime or offense reports, including statements of all witnesses." This rule has been construed to require the prosecution to disclose "any written reports that quote or summarize oral statements made by witnesses." People v. Denton, supra, 91 P.3d at 391. But, contrary to defendant's contention, it does not require the prosecution to reduce oral interviews with witnesses to writing and then provide the written version to defense counsel. People v. Denton, supra.

Here, the discovery defendant sought was a statement he reportedly made to his son when he was arrested telling his son that he (defendant) did not want to see the son again. The prosecution learned of this alleged statement while interviewing
the witness' mother the day before trial. However, during the direct examination of defendant's son, the prosecutor asked about the statement, and the son denied that defendant made it.

Defendant nevertheless argues that the alleged statement could have been interpreted by jurors as tending to show he blamed his son for his arrest and also used to infer guilt. We are not persuaded that even if the alleged statement were made, it constituted exculpatory evidence within the purview of Brady v. Maryland, supra.

Nor was there a rule violation because the trial court found, with record support, that the prosecutor only learned of the evidence the day before trial; that the comment in question was not written down or included in any police

> reports; and that there was no showing the prosecution purposely avoided reducing
> the oral statement to writing or avoided giving such information to defendant. We therefore agree with the trial court that the statement did not fall within Crim. P. 16(I)(a)(1)(I).
>
> Accordingly, we perceive no error in the trial court's determinations, and we conclude the trial court did not abuse its discretion in denying defendant's request for discovery sanctions.

(ECF No. 12-2 at 2-4.)

The Colorado Court of Appeals determined that the alleged statement did not constitute exculpatory evidence within the purview of *Brady*. The state appellate court correctly noted that the prosecution has a constitutional duty to disclose to the defense evidence that is *exculpatory*. (ECF No. 12-2 at 3.) Applicant does not offer any explanation of how the alleged statement was favorable to him, and in fact, argues that the statement was inculpatory because it tended to show that Applicant blamed his son for his arrest which, in turn, suggested that the son had seen something and communicated it to others - leading to the arrest.. (ECF No. 1 at 22.) This characterization is what formed the basis for the claim that this evidence was required to be disclosed by Colorado Rule 16. It was also viewed as inculpatory in the context of Applicant's claim 4. (ECF No. 1 at 35). A *Brady* violation requires that the evidence at issue be *favorable* to the accused. *See Strickler,* 527 U.S. at 281-82. Accordingly, the Court finds that the Colorado Court of Appeals reasonably applied clearly established federal law in deciding that the statement did not constitute *Brady* material subject to disclosure.

Even assuming that the alleged statement had some exculpatory value, Applicant cannot

prevail on the due process claim absent a showing that the information was material, which requires "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley,* 473 U.S. at 682. Applicant fails to demonstrate that the alleged statement was material to his defense, or that earlier disclosure may have created reasonable doubt as to his guilt. First, Applicant's son denied making the statement. (State Court R., 10/29/01 Trial T. at 851.) Second, Applicant declined to examine the witness's mother about the alleged statement when defense counsel called her to the stand. (*Id.,* 11/1/01 Trial T. at 1063-1071, 1089-1093.) Applicant does not point to any evidence to show that disclosure of the alleged statement would have created reasonable doubt of his guilt that did not otherwise exist. Thus, Applicant cannot prevail on claim one.

### B. CLAIM FOUR

Applicant asserts that his constitutional rights were violated because defense counsel was ineffective for the following reasons:

- Claim 4(a) defense counsel failed to conduct an adequate pre-trial investigation to present an alibi defense at trial;

- Claim 4(b) defense counsel failed to advance a reasonable doubt defense;

- Claim 4(c) defense counsel failed to cross-examine the prosecution's witness, J.S., regarding child hearsay statements;

- Claim 4(d) defense counsel failed to question prospective jurors during voir dire regarding matters of racial prejudice or request challenges for cause; and

- Claim 4(e) state district court erred in denying Applicant's ineffective assistance of counsel claims in Rule 35(c) motion without a hearing.

(ECF No. 1 at 5-6, 31-39.)

14

To prevail on his claims of ineffective assistance of counsel, Applicant must show that: (1) counsel's legal representation fell below an objective standard of reasonableness; and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance is highly deferential. *Id.* at 689 (there is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance."). Counsel's decisions are presumed to represent "sound trial strategy;" "[f]or counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward,* 179 F.3d 904, 914 (10th Cir. 1999) (internal quotations omitted). In short, the "question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Strickland,* at 690.

Prejudice exits when there is "a reasonable probability that, but for counsel's defective representation, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 693.

Furthermore, under the AEDPA, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Richter,* 131 S. Ct. at 785 (the standards created by *Strickland* and § 2254(d) are both "highly deferential" and when the two apply in tandem, review is "doubly" so). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* at 788. The Court need not address

15

both prongs of the *Strickland* inquiry if Applicant's claim fails on one.  *Strickland,* 466 U.S. at 697.

The Court addresses each of Applicant's ineffective assistance of counsel claims separately.

### 1.  Claim 4(a)

Applicant contends that his trial counsel was constitutionally ineffective in failing to conduct an adequate pretrial investigation to determine whether Applicant had an alibi defense, and to present an alibi defense at trial.

Under *Strickland*, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  466 U.S. at 690-91.  A particular decision not to investigate must be assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.  *Id.*  Moreover, allegations based on unsubstantiated assertions of fact are not sufficient to satisfy *Strickland. See Cummings v. Sirmons*, 506 F.3d 1211, 1228-29, 31-32 (10th Cir. 2007); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (an ineffective assistance of counsel claim fails where the petitioner's allegations are conclusory with no supporting facts).

The Colorado Court of Appeals addressed Applicant's claim under the *Strickland* standard and concluded that it lacked merit based on the following reasoning:

To obtain relief based on a claim of ineffective assistance of counsel, a defendant must affirmatively prove that his counsel's performance fell below the standard of professional reasonableness and that such performance prejudiced him – that is, there is a reasonable probability that, but for such deficient performance, the outcome at trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003). In reviewing any claim for ineffective assistance of counsel, we must indulge a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *People v. Drake*, 785 P.2d 1257, 1273 (Colo. 1990). If the defendant fails to demonstrate either deficient performance or prejudice, the district court may reject the claim on that basis alone. *People v. Vieyra*, 169 P.3d 205, 209 (Colo. App. 2007); *People v. Russell*, 36 P.3d 92, 95 (Colo. App. 2001).

. . . .

In the Crim. P. 35(c) motion, defendant contended that trial counsel was ineffective for failing to investigate an alibi defense. Specifically, defendant claimed, "The victims mother testified that the alleged sexual assault occurred during the night, while she was at work. Defense counsels were aware that [defendant] could possibly have an alibi. Defense counsel never investigated or interviewed any of [defendant's] alibi witnesses." [sic] The district court rejected defendant's claim because his motion failed to explain the nature or substance of the alleged alibi.

We agree with the district court that defendant did not identify any potential alibi witness or set forth the substance of his alleged alibi in his Crim. P. 35(c) motion. We note that defendant does so for the first time in his reply brief. However, defendant's addition of this information in his reply brief does not cure the deficiencies in his Crim. P. 35(c) motion. Rather, because defendant's Crim. P. 35(c) motion did not set forth the substance of his alibi defense, the district court did not err in ruling that the motion lacked the specificity needed to  establish that trial counsel was ineffective. *See People v. Chambers*, 900 P.2d 1249, 1252 (Colo. App. 1994) (without providing details of the identity of the potential witnesses and the substance of their testimony, defendant cannot demonstrate that counsel's failure to investigate resulted in any prejudice to him). Accordingly, we reject defendant's claim that the trial court erred in summarily denying his motion on this ground.

(ECF No. 12-4 at 3, 5-6.)

17

The Colorado Court of Appeals concluded that the ineffective assistance of counsel claim lacked merit.  The court explained that Applicant had the burden to establish deficient performance, yet failed to provide details of the identity of the potential witnesses and the substance of their testimony in his Rule 35(c) motion.  Thus, Applicant could not demonstrate that counsel's failure to investigate resulted in any prejudice to him as required by *Strickland*. (ECF No. 12-4 at 5.)

Applicant does not point to any information to indicate that the alibi witnesses would have provided favorable testimony.  Applicant simply asserts that the victim's mother, C.E., testified that the alleged sexual assaults occurred during the night, and that defense counsel could have obtained information about when Applicant was at work.  (ECF No. 1 at 33.)  Conclusory allegations are insufficient under either prong of *Strickland.  See Cummings,* 506 F.3d at 1233-34; *Fisher,* 38 F.3d at 1147.

Moreover, a review of the state court record indicates that the victim's mother, C.E., actually testified that Applicant watched the children both at night and during the day when he was "off work."  (State Court R., 10/30/01 Trial T. at 732-33.)  The prosecution also did not specify particular days and times for the assaults; rather Applicant was charged with and convicted of committing sexual assault "between and including December 1, 1996 through December 31, 1999."  (State Court R., Jury Instruction No. 2).  Thus, Applicant's information about his work attendance on specific nights does not suggest to defense counsel that Applicant had a potential alibi defense for the sexual assaults.  It is at least arguable that a reasonable attorney could decide to forgo an investigation into the alibi defense in the circumstances here.

18

*See Richter,* 131 S. Ct. at 788; *see also Boyd,* 179 F.3d at 914 (counsel's performance must be "completely unreasonable"); *Strickland,* 466 U.S. at 690-91 (counsel's decision not to investigate must be assessed for reasonableness in all the circumstances). Accordingly, the state appellate court's determination that Applicant failed to provide specific details to support his alibi defense, which precluded a finding that Applicant met his burden to establish deficient performance under *Strickland* was not contrary to, or an unreasonable application of, clearly established federal law.

Moreover, Applicant does not provide clear and convincing evidence to rebut the presumption of correctness that applies to the state court's factual findings that Applicant failed to explain how defense counsel could have established an alibi defense through additional investigation. Accordingly, claim 4(a) is subject to dismissal on the merits.

The Court rejects Respondents' argument in a footnote to the Answer that the claim is procedurally defaulted. (ECF No. 22 at 19 n.2.) The Court presumes that the state appellate court resolved this claim on the merits, rather than on a state procedural ground. *See Cargle v. Mullin,* 317 F.3d 1196, 1206 (10th Cir. 2003) (explaining that state court's disposition of claim for lack of merit under federal law entitles it to § 2254(d) deference because it is a form of merits review). As such, the AEDPA standard of review applies. *See Douglas v. Workman,* 560 F.3d 1156, 1178 (10th Cir. 2009) (if it is not clear from the state court's analysis whether the court's disposition of a petitioner's claim was merits or non-merits based, the federal habeas court assumes the state's review is on the merits and affords it § 2254(d) deference).

However, even if the Court were to construe the state appellate court's rejection of Applicant's claim to be based on an independent state ground – raising allegations for the first time in a reply brief or on appeal – the state procedural bar is not overcome because Applicant has not shown cause and prejudice or a fundamental miscarriage of justice. *See Cargle,* 317 F.3d at 1206 (if state court "den[ies] relief for what it . . .assumes to be federal error, because of the petitioner's failure to satisfy some independent state law predicate. . .that non-merits predicate would constitute an independent state ground for decision which would warrant application of procedural-bar principles on federal habeas."); *Fairchild v. Workman,* 579 F.3d 1134, 1141 (10th Cir. 2009) ("[c]laims that are defaulted in state court on adequate and independent state procedural grounds will not be considered by a habeas court, unless the [applicant] can demonstrate cause and prejudice or a fundamental  miscarriage of justice.").  Accordingly, in the alternative, claim 4(a) is dismissed as procedurally barred.

### 2.  Claim 4(b)

Applicant argues that trial counsel provided constitutionally deficient representation by failing to advance a reasonable doubt defense.

The Colorado Court of Appeals rejected this claim on the following ground:

> Defendant's motion alleged that trial counsel was ineffective
> for failing to "put the prosecution to its burden of proving the case beyond
> a reasonable doubt"; highlight inconsistencies in witness testimony; and
> "point out" the lack of physical and forensic evidence. The district court
> found that the record refuted
> defendant's claims. Specifically, the court found that "defense
> counsel thoroughly cross-examined witnesses, discussed the
> prosecution's burden of proof with the jury, and presented expert
> testimony in an attempt to call into question the validity of the

20

> prosecution expert's testimony." The court thus rejected
> defendant's contention.
>
> We agree with the district court that the record refutes
> defendant's claims. Review of the trial record reveals that during
> closing argument defense counsel highlighted several
> inconsistencies in various witnesses' testimony, pointed to the
> weaknesses in the People's presentation of the physical evidence,
> and argued that the People's evidence was insufficient to prove
> defendant guilty beyond a reasonable doubt. As defendant's claims
> are refuted by the record, the court did not err in summarily
> denying them.

(ECF No. 12-4 at 6-7.)

The state court's factual findings are presumptively correct and Applicant must rebut the

presumption by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e).  Instead, Applicant

generally alleges that "trial counsel did not mention the extreme weakness of the State's case,

and did not challenge the jurors to see the doubt that existed in the State's evidence of this case."

(ECF No. 1 at 33.)  Applicant does not elaborate on this assertion or provide any supporting

examples.  Conclusory allegations that do not specifically state the factual basis of an ineffective

assistance of counsel claim are insufficient under either prong of *Strickland.  See Cummings,* 506

F.3d at 1233-34; *Fisher,* 38 F.3d at 1147.

Moreover, after careful review of the trial record, the Court agrees with the state courts

and finds that Applicant's counsel discussed the prosecution's burden of proof with the jury

several times during closing, pointed to the weaknesses in the state's presentation of the physical

evidence, and argued that the state's evidence was insufficient to prove defendant guilty beyond

a reasonable doubt.  (State Court R., 11/5/01 Trial T. at 1364-65, 1389-95, 1397.)  Thus,

Applicant's contention that his counsel failed to advance a reasonable doubt defense is not

supported by the record, and the allegations fail under *Strickland*.  Accordingly, the state court's

rejection of this claim was not based on an unreasonable determination of the facts in light of the

evidence presented.  Applicant cannot prevail on claim 4(b).

### 3.  Claim 4(c)

Applicant next argues that his trial attorney was constitutionally ineffective because he

failed to interview and question J.S. under oath about the alleged statement by D.W.—that his

father had said he never wanted to see D.W. again.  (ECF No. 1 at 34-35.)  The Colorado Court

of Appeals rejected this claim, reasoning as follows:

> We agree with the trial court that defendant failed to meet his
> burden to establish that he was prejudiced by counsel's conduct.
> Specifically, defendant does not explain what J.S. would have said
> had counsel examined her on this point, nor does he explain any
> potential benefit from such testimony. *See Davis v. People*, 871
> P.2d 769, 779 (Colo. 1994). The mere assertion of error is
> insufficient under *Strickland*, and defendant's motion did not
> provide a basis for concluding that had counsel examined J.S. on
> this point, defendant would not have been convicted. Accordingly,
> we reject defendant's contention that the trial court erred in
> dismissing this claim.

(ECF No. 12-4 at 9.)

Where the state court concludes that a habeas applicant was not prejudiced by counsel's

errors, this Court owes deference to the state court's assessment under AEDPA.  *See Ulrey v.*

*Zavaras,* 483 Fed. Appx. 536 (10th Cir. 2012) (unpublished) (*citing Winston v. Boatwright,* 649

F.3d 618, 625 (7th Cir. 2011).  Moreover, this Court must presume that the decision not to

examine the witness about this topic was reasonable and represented "sound trial strategy." *See*

*Boyd,* 179 F.3d at 914.

Applicant merely contends that the only way "to diminish this damning statement in the

eyes of the jury would have been to cross-examine [J.S.] and to make it clear that [J.S.] had never

heard D.W. make such a statement." (ECF No. 1 at 35.) Neither Applicant's arguments nor

anything in the record supplies any basis for rebutting the presumption that counsel's decision not

to explore this topic was reasonable and represented "sound trial strategy." Moreover, Applicant

does not show a reasonable probability that, but for counsel's decision not to examine J.S. on this

point, he would not have been convicted. The Court finds that the state appellate court's

resolution of this claim did not run afoul of *Strickland*. Accordingly, the state appellate court's

decision was not contrary to or an unreasonable application of clearly established federal law.

Applicant cannot prevail on claim 4(c).

### 4. Claim 4(d)

Applicant asserts that defense counsel failed to question prospective jurors during voir dire

"regarding matters of racial prejudice or request challenges for cause," thereby depriving

Applicant of a fair and impartial jury. (ECF No. 1 at 6, 35-36.)

The Colorado Court of Appeals rejected this claim, concluding that:

> We agree with the district court that defendant's motion was
> insufficient to establish prejudice from counsel's alleged deficiencies
> during voir dire. Specifically, defendant did not specify which juror
> trial counsel should have challenged for cause or allege any facts
> suggesting that any of the jurors who rendered the guilty verdict were
> biased. *See Vieyra*, 169 P.3d at 210 (defendant failed to establish
> prejudice where he did not "establish which juror he would have

struck . . . or . . . facts that suggest bias by any of the jurors that convicted him"). Accordingly, we reject defendant's contention that the trial court erred in denying his claim.

(ECF No. 12-4 at 10.)

The state appellate court applied *Strickland*, and held that Applicant failed to explain how counsel's performance at issue prejudiced him. As discussed previously, conclusory allegations of ineffective assistance of counsel, unsupported by specific facts, are insufficient to show a Sixth Amendment violation. *See Cummings*, 506 F.3d at 1228-29, 31-32; *Fisher*, 38 F.3d at 1147. Applicant has not attempted to show that any particular juror was biased or that the result was likely to be different but for the alleged deficiencies during voir dire. Therefore, the Court finds that the Colorado Court of Appeals' disposition of Applicant's claim did not offend federal law. Applicant cannot prevail on claim 4(d).

### 5. Claim 4(e)

Applicant contends that the state district court erred in denying Applicant's ineffective assistance of counsel claims in his Rule 35(c) motion without a hearing.

Applicant's alleged error focuses only on the State's post-conviction remedy and not the judgement which provides the basis for his incarceration. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (petitioner may not challenge state court's denial of post-conviction evidentiary hearing because "no constitutional provision requires a state to grant post-conviction review"); *United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006) ("challenges to post-conviction procedures fail to state constitutional claims cognizable in a federal habeas proceeding"). Accordingly, claim 4(e) does not state a cognizable federal habeas claim. Claim 4(e) is therefore dismissed.

**IV.  ORDERS**

For the reasons discussed above, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#

1], filed *pro se* by Applicant Billie Don Williams, on May 13, 2013, is DENIED and this case is

DISMISSED on the merits.  It is

FURTHER ORDERED that there is no basis on which to issue a certificate of appealability

pursuant to 28 U.S.C. § 2253(c) because Applicant has not made a substantial showing that jurists of

reason would find it debatable whether the jurisdictional and procedural rulings are correct and

whether the Application states a valid claim of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  The

Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken

in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See*

*Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay

the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated this 27th day of February, 2014, at Denver, Colorado.

BY THE COURT:

_____

_____

RAYMOND P. MOORE

United States District Judge